PETER CERESA *et al.,* Plaintiffs-Appellants, *v.* CITY OF PERU *et al.,* Defendants-Appellees.

(No. 70-153;

Third District—August 17, 1971.

Louis Olivero, of Peru, for appellants.

Charles Helmig, of Peru, and Anthony C. Raccuglia, of La Salle, for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Peter Ceresa and Eugene Kolowski, Plaintiffs-Appellants, (referred to as the objectors) commenced this declaratory judgment action in the Circuit Court of La Salle County seeking a declaration that an action of the City of Peru, Defendant-Appellant, was invalid. The action complained of was the rezoning of the property of Benjamin Kaszynski, De-

fendant-Appellee, (referred to herein as the owner). The trial court held the rezoning ordinance valid and it is from such action that this appeal follows.

The facts are undisputed having been stipulated to as alleged in the pleadings. On May 29, 1969, the owner of property in Peru filed his petition with the City requesting a reclassification of the applicable zoning from residential to commercial to permit the construction and operation of a drive-in restaurant. The petition was referred to the Zoning Board of Appeals, due notice of a hearing was given and both the owner and objector participated in the hearing before the Board. The Zoning Board of Appeals after hearing testimony, voted unanimously to deny the request and so recommended to the City Council of Peru.

Action on the recommendation presented by the Zoning Board of Appeals first came before the City Council on July 14, 1969, when, at its regular meeting, the recommendation was tabled by the City Council. Two weeks later, at its next regular meeting on July 28, 1969, the Council took from the table the recommendation of the Zoning Board of Appeals and after discussion voted to accept the recommendation of the Zoning Board of Appeals that the rezoning be denied. A roll call vote with seven Aldermen voting aye, two Aldermen passing and one Alderman absent was recorded.

Two weeks later, at the regular meeting of the City Council on August 11, 1969, the owner presented a petition to the City Council specifically requesting that the City Council reconsider the Zoning Board of Appeals' recommendation. It asked that not only the recommendation be reconsidered, but that a motion be made and passed "holding said vote on said Zoning Board of Appeals' recommendation in abeyance" until a certain land use map, which was alleged to be in the process of preparation by a consultant to the Planning Commission of the City of Peru, was finalized and presented to the City Council.

At that meeting, Alderman Piano made a motion to "reconsider the recommendation as requested in the petition". By a six to three vote Alderman Piano's motion carried. Piano then made a further motion to table "the petition".

For the next thirteen regular meetings of the City Council of the City of Peru, the matter came up for consideration and was tabled at each meeting, covering a period of approximately six months. Then, at the next regular meeting of February 23, 1970, the petition of the owner was removed from the table for discussion. A motion was then made to overrule the decision of the Zoning Board and to grant a reclassification of the premises to a commercial classification "upon filing of the deeds concerning use of the premises and use of the premises conforming to the

specifications and plan submitted". No deeds, specifications or plans were submitted in the original petition for reclassification. On a roll call vote the vote was unanimously in favor of the motion.

On April 7, 1970, plaintiffs filed a Complaint for Declaratory Judgment under the provisions of Section 57.1 of the Civil Practice Act praying that the City of Peru be restrained and enjoined from issuing a building permit for any use of the premises except those permitted under Single Family Residence District; that the owner be enjoined from using said premises except as under residential zoning and that the action of the City Council on February 23, 1970, be declared void.

On May 4, 1970, four weeks after the Complaint for Declaratory Judgment had been filed, and service of summons had upon each defendant, and after plaintiffs had called to the court's attention that no ordinance had ever been adopted by the City of Peru amending Ordinance No. 1497, an ordinance to amend the Peru Zoning Ordinance No. 1497 was presented to and passed by the City Council of the City of Peru changing the zoning classification from Single Family Residence District to a Commercial District in accordance with the petition of the owner filed on August 11, 1969.

After some amendments to the Complaint, Answers were filed essentially denying plaintiffs were entitled to the relief requested and stating that the reconsideration was made properly by the City Council and that the City Council abided by the provisions of Roberts Rules of Order in the conduct of its meetings. The Answer of the City of Peru stated that the reconsideration of the Zoning Board of Appeals' recommendation was granted for the purpose of awaiting a decision and recommendation of the Planning Commission of the City of Peru concerning the premises sought to be rezoned.

In a written memorandum the trial court approved the action of the City Council and it is from this judgment that this appeal follows.

The issue presented on this appeal is whether the procedural requirements for the adoption of an amendment to a zoning ordinance have been sufficiently complied with.

■■ From the foregoing facts and from the briefs of the parties it appears that there is some confusion in the use of the term "reconsider". In one sense reconsider is a parliamentary term which in its strict sense enables a deliberative body by a favorable vote on such a motion, to vote again on a prior action of the deliberative body. (*People v. Davis*, 284 Ill. 439, 120 N.E. 326 and *City of Kankakee v. Small*, 317 Ill. 55, 147 N.E. 404.) In its general non-technical sense reconsider refers to the further or renewed opportunity to think again about a matter and take some action with regard thereto. In this latter sense a deliberative body such as a

city council, has continuing power and authority to consider from time to time matters within its jurisdiction and generally speaking any such reconsideration or renewed consideration may be independent of any action which it has taken or not taken in the past. In *Quernheim v. Asselmeier*, 29 Ill. 494, 129 N.E. 828, a County Commission established the salary for a Truant Officer and two days later "revoked" its previous "order". Although there is some indication that "revocation" was deemed reconsideration the principal thrust of the decision illustrates the continuing authority of the Commission to set and change salary schedules where such changes are not contrary to constitutional provisions prohibiting increases or decreases in compensation for an officer during his term of office.

Chap. 24, Sec. 11—13—14, Ill. Rev. Stat. (1969), the legislative authorization for municipalities to amend zoning ordinances provides, "*  *  *  no such amendment shall be made without a hearing before some commission or committee designated by the corporate authorities  *  *  *." In 1963, the City of Peru adopted a comprehensive zoning ordinance, number 1497. Section 23 of the ordinance provides that the City Council on its own initiative or land owners by petition may seek amendment of the zoning ordinance but in any event notice and public hearing before the Zoning Board are required. There is no question but that the Peru City ordinance complies with the statutory authorization and it is equally undisputed that the procedure employed was regular through and including the meeting of the City Council on July 28, 1969. It was at this meeting that the City Council voted to accept the recommendation of the Zoning Board of Appeals denying reclassification of the property.

■■■ Undoubtedly a city council and its Zoning Board of Appeals have continuing authority to re-examine and review the provisions of zoning ordinances. Upon appropriate application as required by the ordinance, amendments of the ordinance may be sought from time to time even though previous amendments have been sought and either granted or denied. As and when such new zoning amendments are from time to time proposed and considered by the corporate authority preliminary public hearings and notice are required as provided by statute and ordinance. The question remains whether the action taken by the City Council on August 11, 199, culminating in its action approving the amendment to the zoning ordinance on February 23, 1970, and the ordinance adopted May 4, 1970, was a procedural continuation of the amendment proceeding originally initiated.

In this connection the defendants urge that the action taken on August

11, was a proper motion to reconsider the previous action of the Council under the rules of parliamentary procedure and the plaintiffs argue to the contrary.

■■ The principal cases which have been called to our attention, *People v. Davis, supra,* and *City of Kankakee v. Small, supra,* both hold that the motion to reconsider is a parliamentary motion which must be made at the same session of the deliberative body in which the action taken was sought to be reconsidered. In *People v. Davis, supra,* the members of the City Council voted to concur in the appointment of certain individuals to the Board of Education by the Mayor. Later during the same meeting or session one of the members of the council voting in favor of the initial motion moved that the vote thereon be reconsidered but the vote on the motion to reconsider was tabled. At the next meeting of the City Council the members voted to take the motion to reconsider from the table, voted to reconsider the concurring resolution and finally voted down the concurring resolution.

The court after discussing cases from other jurisdictions involving the parliamentary motion to reconsider concluded that the making of the motion at the same session in which the concurring motion was adopted prevented such concurring motion from having any legal effect. According to the court the action at the subsequent meeting which approved the motion for reconsideration made at the prior meeting and the subsequent defeat of the concurring motion was the only recognized legal act of the council.

*City of Kankakee v. Small, supra,* illustrates the effect of failing to make the parliamentary motion to reconsider at the same session in which the principal action is taken. As observed in *Small* the action taken was final and a motion to reconsider made at a subsequent meeting came too late as the same might procedurally affect the finality of the original vote.

Although defendants assert that the reconsideration was a parliamentary motion in accord with Roberts Rules of Order no support for such assertion is offered by way of citation or argument other than the general proposition that a city council "always" has the right to reconsider its action unless vested rights have intervened.

■ ■ In accord with the observations of the court in *People v. Davis, supra,* and *City of Kankakee v. Small, supra,* there are several reasons why we believe the action taken by the council on August 11 and subsequent thereto was not a reconsideration in accord with parliamentary rules. First of all it should be observed that a parliamentary motion is one made by a member of the deliberative body and not by the petition of a

non-member. Second, no motion was made during the meeting which accepted the report denying reclassification. Third, the petition itself requested reconsideration of the zoning board recommendation and not reconsideration of the motion made with relation thereto. Fourth, the petition purported to set up new matters which might support the amendment particularly referring to a land use map that might be prepared at some time in the future. Lastly the motion made at the July 28 meeting was to accept the recommendation of the Zoning Board of Appeals denying reclassification which motion carried. The motion made at the February 28 meeting, some six months later, was to rezone the premises, an entirely different motion, which motion also carried. It is therefore our conclusion that there was no reconsideration in the parliamentary sense of the council's action of July 28.

This brings us to the other aspect of this case namely whether the subsequent consideration of the zoning amendment matter was within the general authority of the council to take action from time to time as might be appropriate. In *City of Kankakee v. Small, supra,* a special assessment was involved and under the statute and ordinances of the city a prior hearing before the Board of Local Improvements was required. At the initial meeting regarding the improvement held after hearing and recommendation by the Board of Local Improvements the city council defeated the ordinance which would have authorized the special assessment. As previously indicated no motion was made to reconsider the vote at such meeting but such a motion was made at the next council meeting and at that meeting the motion to reconsider was adopted and a second vote on the ordinance was favorable to the adoption of the ordinance. The court in the *Small* case made the following observations which are relevant to the case at bar, "Under the decisions here quoted and the general rules relating to powers of deliberative bodies of the character of city councils, we are of the opinion that, where such a body has finally voted upon a proposition and no motion for reconsideration or other motion is pending thereon, the city council, upon adjournment of its meeting, has no power to reconsider its action where the rights of other persons have intervened. In this case by the final action of the city council rejecting the ordinance for this improvement and the adjournment of that body, the ordinance was dead. When an attempt was made to pass it at a subsequent meeting, the rights of objectors to this improvement had intervened. Those rights were to have the matter reconsidered by the board of local improvements and to a hearing before that board in advance of the presentation of its recommendations, upon which a new ordinance must be based. Conditions may have changed and a much stronger showing of objections might have been made before

the board of local improvements. The ordinance passed was a new ordinance. The rejection of the ordinance vitiated the whole proceeding. Therefore the ordinance, when passed, was not in pursuance of the preliminary requirements of the statute. The rejection of the ordinance put an end to the proceedings under it."

■■ The foregoing observations are applicable to the case at bar. Once the City Council had denied the zoning amendment by accepting the Board's recommendation against reclassification it had acted finally on the matter and the objectors were entitled to have any subsequent or future amendment initially presented to and considered by the Zoning Board of Appeals. The reason and the reasonableness of such a requirement has even more force in the case at bar than in the *Small* case because it is evident both from the petition which the owners filed and the action of the City Council on February 28, approving the amendment, that the council was basing its decision upon matters not presented to the Zoning Board of Appeals and in fact not existing at the time of the Board's recommendation. If a land use map as described in the second petition, or the deeds and covenants described in the approving resolution, were of such significance such matters underscore the propriety of requiring a subsequent proposed zoning amendment both to be presented and considered by the Zoning Board of Appeals thus enabling objectors to adequately test the proposed amendment. According to the *Small* case the right to require preliminary hearings, *etc.* arises when the action on the preceding matter terminates.

For the foregoing reasons the judgment of the Circuit Court of La Salle County is reversed and remanded with directions that judgment be entered in accord with the views expressed herein.

Judgment reversed and remanded with directions.

ALLOY, P. J., and SCOTT, J., concur.