EVERETT L. MARTIN *et al.*, Plaintiffs-Appellees, *v.* THE CITY OF GREENVILLE, Defendant-Appellant.

Fifth District   No. 77-188

Opinion filed October 20, 1977.

Meyer & Meyer, of Greenville, for appellant.

Jack Johnston, of Burnside, Dees and Johnston, of Vandalia, for appellees.

Mr. JUSTICE KARNS delivered the opinion of the court:

Everett and Larry Martin, plaintiffs-appellees, instituted a declaratory judgment action in the Circuit Court of Bond County seeking a declaration that an existing zoning classification of the City of Greenville, defendant-appellant, as applied to plaintiff's property was void and deprived plaintiffs of their constitutional rights in the use of their property. Settlement negotiations were undertaken by the parties at the conclusion of the first day of trial. Thereafter, counsel for the parties reported settlement of the action to the court. The trial court subsequently found that the cause had been settled and entered an order thereon. The defendant, City of Greenville, appeals from that order of enforcement.

On July 23, 1975, plaintiffs filed a petition seeking an amendment to the defendant's zoning ordinance whereby a tract of land owned by the plaintiffs in a district zoned R-1 single family would be rezoned R-3 multiple family so as to allow the plaintiffs to construct apartment buildings on the tract. After notice of the proposed amendment had been duly published, a public hearing on the matter was held by the city planning commission on August 26, 1975. Testimony was therein heard for and against the proposed amendment and at the conclusion of the hearing the planning commission recommended that the petition be denied. The planning commission's recommendation was thereafter transmitted to the City Council of Greenville where, after a hearing on the matter on December 9, 1975, the city council voted unanimously to adopt the report of the planning commission and denied the plaintiff's petition for an amendment to the city zoning ordinance.

The plaintiffs thereafter brought a declaratory judgment action and after one day of trial on December 15, 1976, the case was continued until the next afternoon after the parties advised the court that there would be an attempt made to settle the cause. From this point on there are conflicting versions of what exactly took place. In essence, the parties

agreed to a compromise whereby the plaintiff's tract of land would remain zoned R-1 residential but they would be allowed to construct up to 12 apartment units with certain other specified conditions. From reviewing the record, it appears that this compromise was agreed to by only three of the five members of the city council, one of them being the mayor. It is not completely clear whether the council formally met as a group or whether the settlement decision of the councilmen was made on an informal basis.

On the afternoon of December 16, 1976, counsel for the parties appeared before the trial judge and announced the cause had been settled. Counsel for parties therein orally stipulated to the entry of an order adopting the terms of the settlement. On December 22, 1976, the defendant's attorney notified counsel for the plaintiffs that the Greenville City Council had met and had determined that it was without legal authority to enter into the aforementioned agreement. Thereafter, the plaintiff's attorney filed a motion to enforce the settlement. The motion was allowed and the defendant, City of Greenville, now appeals from the lower court's order enforcing the settlement.

On appeal, the defendant, City of Greenville, contends that the settlement is extralegal and illegal under the laws and statutes of the State of Illinois and the ordinances of the City of Greenville and, therefore, can not be binding on the defendant. The plaintiffs argue that the determination of this cause is governed by principles of contract law and that the lower court correctly found the oral settlement agreement to be a binding contract enforceable against the defendant. The plaintiffs also contend that the settlement agreement does not by its terms, modify the Greenville Zoning Ordinance, but instead merely modifies the enforcement provision of the ordinance.

■■■ We are mindful of the fact that the legislative process is the product of advice, deliberation and quite often, compromise, and attempts at compromise should be encouraged. Also, it is firmly established that the settlement of disputed claims is encouraged by law. (*Knoll v. Swanson*, 92 Ill. App. 2d 398, 234 N.E.2d 543 (4th Dist. 1968).) However, one of the great preservatives of a State is the rule that contracts and agreements contrary to public policy should not be enforced. (*People ex rel. Reinhart v. Herrin*, 284 Ill. 368, 373 (1918).) Municipalities have only those powers which are given them by constitution and statute and a municipality cannot be bound by a contract that does not comply with the prescribed conditions for the exercise of its power. (*Wacker-Wabash Corp. v. City of Chicago*, 350 Ill. App. 343, 112 N.E.2d 903 (1st Dist. 1953).) Moreover, a person dealing with a municipality is charged with knowledge of the limitations of the authority

of the municipality to enter into contracts. *May v. City of Chicago*, 222 Ill. 595, 78 N.E. 912 (1906).

■■ The settlement agreement entered into by the parties, although argued by the plaintiffs to be merely a modification of the enforcement provision of the existing Greenville Zoning Ordinance, would amend the ordinance by modifying the existing requirements of the R-1 zoning district in which the plaintiffs property is located. It is well settled that a municipality must substantially adhere to the procedural requirements mandated by its zoning ordinance for amendments thereto. *Treadway v. City of Rockford*, 24 Ill. 2d 488, 182 N.E.2d 219 (1962); *Cain v. American National Bank & Trust Co.*, 26 Ill. App. 3d 574, 325 N.E.2d 799 (1st Dist. 1975).

■■ Under the Greenville Zoning Ordinance, both the city council and private parties may petition for an amendment to the text of the ordinance and its zoning map which details the various zoning districts. Section 13.2 of the ordinance provides that in no event shall an amendment be made by the city council without prior public notice and public hearing on the proposal before the Greenville City Planning Commission. That section further provides that after a public hearing on the matter, the planning commission shall forward its findings and recommendations to the city council. Essentially this provision of the city zoning ordinance is a restatement of section 11—13—13 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 11—13—13), the legislative authorization for a non-home rule municipality to amend its zoning ordinance regulations and the districts created thereunder. Corporate authorities must exercise their power to amend a zoning ordinance in a proper manner and they must comply with the statutory requirements of notice and hearing. (*Smith v. City of Macomb*, 40 Ill. App. 3d 658, 352 N.E.2d 697 (3d Dist. 1976); *Kirk v. Village of Hillcrest*, 15 Ill. App. 3d 415, 304 N.E.2d 452 (2d Dist. 1973).) Also, a city is mandated under the foregoing statutory section to seek the recommendation of its planning commission before amending its zoning ordinance. *First National Bank v. Village of Skokie*, 85 Ill. App. 2d 326, 229 N.E.2d 378 (1st Dist. 1967).

In the case at bar, the foregoing statutory and ordinance requirements were not met by the attempted settlement agreement. Consequently, the city council members acted beyond their authority, either individually or collectively, in attempting to amend the Greenville Zoning Ordinance. Once the Greenville City Council denied the plaintiffs' prior proposed amendment to the zoning ordinance it had acted finally on the matter. The earlier public hearing before the city planning commission on the proposed amendment did not abrogate the necessity of another public

hearing nor the other applicable procedural requirements before the defendant's zoning ordinance could be properly amended. (See *City of Kankakee v. Small*, 317 Ill. 55, 147 N.E. 404 (1925); *Ceresa v. City of Peru*, 133 Ill. App. 2d 748, 273 N.E.2d 407 (3d Dist. 1971).) A municipality may not, under the guise of compromise, impair a public duty owed by it, and neither municipal officials nor the trial court may usurp the legislative process. We are also mindful of the fact that when a constitutional challenge is made to a zoning classification of a particular parcel of property, interposition by the courts to restrain the enforcement of the ordinance is only justified where it is clearly shown that the classification is unreasonable, arbitrary and confiscatory as applied to the particular property. *Myers v. City of Elmhurst*, 12 Ill. 2d 537, 147 N.E.2d 300 (1958).

■■ It follows, therefore, that the settlement agreement participated in by the defendant was beyond its authority to enter into and be bound by and is null and void. For the foregoing reasons the order of the Circuit Court of Bond County enforcing the settlement agreement is reversed.

Reversed.

CARTER, P. J., and JONES, J., concur.