UNIVERSAL OUTDOOR, INC., Plaintiff-Appellant, v. THE VILLAGE OF ELK GROVE, Defendant-Appellee.

First District (4th Division)   No. 1—88—2271

Opinion filed February 8, 1990.

Schain, Firsel & Burney, of Chicago, for appellant.

George B. Knickerbocker, of Samelson, Knickerbocker & Payne, of Des Plaines, for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

This is an appeal from the circuit court of Cook County granting a motion filed by defendant, the Village of Elk Grove, to strike and dismiss, pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615), an amended complaint filed by plaintiff, Universal Outdoor, Inc. The following issues are presented for review: (1) whether the Illinois Highway Advertising Control Act of 1971 (Ill. Rev. Stat. 1987, ch. 121, par. 501 *et seq.*) preempts defendant's more restrictive sign ordinance, and (2) whether plaintiff's amended complaint states a cause of action.

We affirm.

Plaintiff is engaged in the business of outdoor advertising. Allegedly, plaintiff entered into several lease agreements to construct outdoor advertising structures on seven sites located within defendant's corporate limits. The lease agreements, which were conditioned upon plaintiff obtaining State and local permits, allowed for the construc-

tion of double-faced billboards, 672 square feet per face and would range from 30 to 60 feet in height. Defendant denied the permits because of various ordinance violations.

Plaintiff filed a complaint seeking injunctive and other relief due to defendant's denial of the requested permits. This complaint was stricken because it combined various causes of action in separate counts in violation of section 2—603(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—603(b)). Plaintiff then filed an amended complaint. Defendant moved to dismiss the amended complaint as substantially insufficient at law pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615). The trial court granted defendant's motion and dismissed plaintiff's amended complaint with prejudice. This appeal followed.

■ Dismissal is proper where plaintiff makes conclusory allegations without factual basis; specific facts must be pleaded upon which such conclusions rest. (*Tru-Link Fence v. Reuben H. Donnelley Corp.* (1982), 104 Ill. App. 3d 745, 752.) Well-pleaded facts must be taken as true but conclusions need not be accepted. *Chicago Teachers Union v. Board of Education* (1973), 14 Ill. App. 3d 154, 156.

■ In determining the propriety of dismissal of an action, the appellate court is only concerned with questions of law presented by the pleadings. The sufficiency of the complaint is determined by whether the essential elements of a cause of action are alleged. (*Beese v. National Bank* (1980), 82 Ill. App. 3d 932, 933.) We find that the trial court properly dismissed plaintiff's complaint for failure to state a cause of action.

■ Plaintiff first contends that defendant's local regulation of signs is preempted by the Highway Advertising Control Act of 1971 (Ill. Rev. Stat. 1987, ch. 121, par. 501 *et seq.*) (hereinafter Act). Plaintiff argues that under the terms of the Act, State legislation has preempted local municipalities from regulating the location or size of outdoor advertising signs which are located within 660 feet of the right-of-way of interstate and Federal-aid primary highways when the sign faces are visible therefrom. Section 1 of the Act provides:

> "The General Assembly finds and declares that the erection and maintenance of outdoor advertising signs, displays, and devices in areas adjacent to Interstate highways *** should be regulated in order to protect the public investment in such highways, to promote the recreational value of public travel, to preserve natural beauty and to promote the reasonable, orderly and effective display of such signs, displays and devices.
>
> The General Assembly further finds and declares that out-

door advertising is a legitimate, commercial use of private property adjacent to roads and highways; that outdoor advertising is an integral part of the business and marketing function, and an established segment of the national economy which serves to promote and protect private investments in commerce and industry and should be allowed to operate in business areas; and that the regulatory standards set forth in Section 6 of this Act are consistent with customary use in this State and will properly and adequately carry out each and all of the purposes of this Act, more severe restrictions being inconsistent with customary use and ineffective to accomplish the purposes of this Act." Ill. Rev. Stat. 1987, ch. 121, par. 501.

Section 6.01 of the Act sets forth maximum size, lighting and spacing limitations consistent with the Federal requirements of the Highway Beautification Act of 1965 (23 U.S.C. §131 (1988)). With respect to size, the section provides:

"No sign may be erected which exceeds 1,200 square feet in area, 30 feet in height and 60 feet in length, including border and trim ***. The maximum size limitation shall apply to each side of a sign or sign structure. A maximum of 2 signs may be erected in a facing, in which event the facing shall be deemed to be one sign, the size of which may not exceed the dimensions listed in this Section." (Ill. Rev. Stat. 1987, ch. 121, par. 506.01.)

Section 7 provides:

"In zoned commercial and industrial areas, whenever a State, county or municipal zoning authority has adopted laws or ordinances, which include regulations with respect to the size, lighting and spacing of signs, which regulations are consistent with the intent of this Act and with customary use, then from and after the effective date of such regulations, and so long as they shall continue in effect, the provisions of Section 6 shall not apply to the erection of signs in such areas." Ill. Rev. Stat. 1987, ch. 121, par. 507.

Defendant's ordinance, which is more restrictive than the Act, limits the size of the billboards to 25 feet in length and height and 300 square feet in surface area. Billboards are permitted on unimproved lots in its industrial zoned areas but are not permitted to be within 50 feet of an adjoining residential use district if the billboard is designed to face into and be visible from such district.

Section 7 and section 1 of the Act are incongruous due to the conflicting interests of the advertising sign industry and various munici-

palities. "The main purpose of the Act was to obtain Federal funds and that entailed maximum limitation on advertising signs. The protection for the advertising industry indicated by section 1 was an offshoot of the legislation. Section 7 was a protection for municipalities desiring additional limitations." *Dingeman Advertising, Inc. v. Village of Mt. Zion* (1987), 157 Ill. App. 3d 461, 464.

Although there is nothing in the Act that would indicate which section is to prevail, we agree with the court's reasoning in *Dingeman Advertising, Inc. v. Village of Mt. Zion* (1987), 157 Ill. App. 3d 461, 465, that to prevent various home rule municipalities from enacting more restrictive regulations would be absurd and contrary to the purpose of the Act, which is "to preserve natural beauty and to promote the reasonable, orderly and effective display of such signs, displays and devices." Ill. Rev. Stat. 1987, ch. 121, par. 501.

In construing the conflicting sections, the court in *Dingeman* found that statutes should not be construed as containing superfluous provisions and that insofar as section 7 and section 1 conflict, section 7 controls. *Dingeman*, 157 Ill. App. 3d at 464-65; see also, *National Advertising Co. v. Village of Downers Grove* (1988), 166 Ill. App. 3d 58, 62 (holding that "section 7 should control, in the absence of any legislative determination of which conflicting interest should prevail").

Plaintiff relies primarily upon *National Advertising Co. v. City of Rolling Meadows* (7th Cir. 1986), 789 F.2d 571, and *Dolson Outdoor Advertising Co. v. City of Macomb* (1977), 46 Ill. App. 3d 116, for the proposition that the Act preempts local municipalities from enacting more severe sign regulations than contained in the Act. We are not persuaded by the reasoning in these cases, which were decided prior to *Dingeman* and *Downers Grove*.

In *Dolson*, the court held that a non-home-rule municipality may not prohibit off-premise advertising and struck the municipality's more restrictive regulatory scheme. We find this case distinguishable in that the court was concerned with non-home-rule municipalities. Defendant is a home rule municipality.

In *National Advertising Co. v. City of Rolling Meadows* (7th Cir. 1986), 789 F.2d 571, the court held that the *Dolson* rule also applied to home rule municipalities. We, however, agree with the trial court in the instant case in holding that neither the State Act nor the Federal Act prohibits home rule municipalities from enacting more stringent regulations than contained in either act.

The trial court in the instant case correctly noted there must be more than mere implication in a statute to find that home rule units may not enact more restrictive sign regulations. This is contrary to

the court's suggestion in *City of Rolling Meadows* that "[t]he 1971 Act calls for uniformity on the subjects mentioned in §6, which implies that home-rule jurisdictions have no powers *** to regulate signs." *Rolling Meadows*, 789 F.2d at 576.

The 1970 Constitution of the State of Illinois provides, with respect to home rule municipalities, as follows:

"[A] home rule unit may exercise any power and perform any function pertaining to its government and affairs including, but not limited to, the power to regulate for the protection of the public health, safety, morals and welfare; to license; to tax; and to incur debt." Ill. Const. 1970, art. VII, §6(a).

"A statute intended to limit or deny home rule powers must contain an express statement to that effect." (*Stryker v. Village of Oak Park* (1976), 62 Ill. 2d 523, 528.) We find no express statement contained within the Act that home rule municipalities may not enact more restrictive regulations pertaining to advertising signs. Rather, we agree with the trial court in finding that section 1 of the Act (Ill. Rev. Stat. 1987, ch. 121, par. 501), which contains the limiting language upon which plaintiff relies, is more, in effect, a preamble to the extent it conflicts with section 7 of the Act (Ill. Rev. Stat. 1987, ch. 121, par. 507). We, therefore, find that the trial court did not err in finding that the Act did not preempt defendant's more restrictive sign regulatory ordinance.

■ Plaintiff next contends that defendant's ordinance is facially invalid and that the distinction made in defendant's regulatory treatment of improved and unimproved lots is arbitrary, capricious, confiscatory and serves no valid constitutional interests. We, however, find no factual support for these allegations. Dismissal is proper where plaintiff makes conclusory allegations without factual basis. *Tru-Link Fence v. Rueben H. Donnelley Corp.* (1982), 104 Ill. App. 3d 745, 752.

Plaintiff does not give a factual basis as to how the ordinance unreasonably denies plaintiff the use of the leased properties; why the ordinance is a wrongful restriction on commercial speech and expression; why the ordinance is tantamount to a wrongful taking; why the different regulatory treatment of improved and unimproved lots is arbitrary and capricious; or how due process was wrongfully denied.

■ We also find merit in defendant's argument that plaintiff failed to exhaust its administrative remedies prior to the commencement of this litigation. Defendant correctly cites to *Northwestern University v. City of Evanston* (1978), 74 Ill. 2d 80, for the proposition that a property owner who complains that a local ordinance is arbitrary and capricious must first exhaust his administrative remedies

before seeking judicial relief. In the instant case, plaintiff, instead of seeking variations or an amendment to the ordinance, commenced litigation. The exhaustion requirement is not met by merely alleging that an ordinance is unconstitutional on its face. *Northwestern University*, 74 Ill. 2d at 87.

For the foregoing reasons, we find that plaintiff's amended complaint was properly dismissed for failure to state a cause of action.

Affirmed.

McMORROW, P.J., and LINN, J., concur.