UNIVERSAL OUTDOOR, INC., Plaintiff-Appellee, v. THE CITY OF DES PLAINES, Defendant-Appellant.

First District (6th Division)   No. 1—91—2589

Opinion filed September 11, 1992.—Rehearing denied November 13, 1992.

Mathias W. Delort and Burton S. Odelson, both of Odelson & Sterk, Ltd., of Evergreen Park, for appellant.

Thomas P. Sullivan, William A. Von Hoene, Jr., and Robert R. Stauffer, all of Jenner & Block, and Paul G. Simon, both of Chicago, for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Universal Outdoor, Inc. (Universal), filed a complaint seeking declaratory and injunctive relief against defendant, the City of Des Plaines (the City), regarding the legality of the City's sign regulation ordinances. Thereafter, the parties entered into a settlement agreement which was approved by the trial court and which permitted Universal to construct 12 signs at specified locations within the City. The City subsequently filed a petition to vacate the trial court's judgment under section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401). The City also filed a motion to declare the settlement null and void, claiming that the municipality was barred by law from entering into such an agreement. Upon motions filed by Universal, the trial court dismissed the City's section 2—1401 petition and its motion to nullify the settlement agreement.

The City has appealed, contending that the court erred in dismissing its requests for post-judgment relief.

The record reveals that on July 22, 1986, Universal filed a 12-count complaint against the City of Des Plaines seeking declaratory and injunctive relief. The complaint alleged in substance that the City's scheme for regulation of outdoor billboard advertising was unconstitutional and unenforceable. On February 5, 1987, Universal filed a first amended complaint which consisted of 11 counts and asserted claims which were substantially the same as those raised in the prior complaint.

Counts I through VII of the first amended complaint alleged identical claims but referred to different billboard locations. These counts asserted that the provisions of the Des Plaines Zoning Ordinance and Sign Code, as applied to these signs, were preempted by the Illinois Highway Advertising Control Act of 1971 (HACA) (Ill. Rev. Stat. 1985, ch. 121, par. 501 et seq.); the zoning ordinance limitations on the height and area of signs were invalid under the HACA; the ordinances were invalid as unnecessary to promote public health, safety,

and welfare; and the ordinances denied Universal its constitutional right to enjoy the highest and best use of its property.

Count VIII alleged that the ordinances were preempted by the HACA; violated Universal's constitutional rights to free speech and to equal protection in that they amounted to an impermissible ban on "off-premises" advertising; and were arbitrary and overbroad.

Count IX alleged that the ordinances were invalid because the HACA preempts the City's ability to regulate signs located near a Federal-aid highway.

Count X, premised upon the assertion that the zoning ordinances constituted violations of Universal's civil rights (42 U.S.C. §1983 (1979)), alleged that the limitations contained in the ordinances deprived Universal of its rights to free speech, to substantive due process of law, and constituted an improper "taking" without just compensation.

Count XI asserted claims similar to those raised in Count X, but was premised upon Illinois constitutional protections (Ill. Const. 1970, art. I, §4).

In its answer to the amended complaint, the City denied the substantive allegations raised in each count. Thereafter, Universal moved for summary judgment on count IX, which alleged that the ordinances were preempted by the HACA. The trial court initially granted Universal's motion for summary judgment, finding that the City's regulation of the size, width, and location of the signs was preempted by the HACA. Yet, upon reconsideration, the trial court reversed its ruling on Universal's motion and found that the City's regulations were not preempted by the HACA, but noted that section 10.5.5 of the City's zoning ordinance could not be enforced to prohibit certain signs completely.

On July 14, 1989, the parties filed a stipulation and agreement which provided that (1) Universal would be permitted to construct signs at 12 designated locations, (2) the City would issue all necessary construction permits for those signs, (3) the case would be dismissed with prejudice and without costs, and (4) Universal agreed not to apply for permits to construct any additional signs. On that date, the trial court entered an order granting the parties leave to file the stipulation and agreement. The court's order provided further that the case was dismissed, but the court retained jurisdiction of the matter in order to enforce the terms of the settlement.

The Des Plaines city council thereafter voted to settle the litigation pending between the parties.

In accordance with the agreement and order of the court, the City issued permits to Universal for construction of the 12 specified signs. Acting in reliance on those permits and on the settlement agreement and the court's order, Universal incurred substantial expense to construct nine of the specified signs without objection from the City.

On September 19, 1990, the decision in *Ad-Ex, Inc. v. City of Chicago* (1990), 207 Ill. App. 3d 163, 565 N.E.2d 669, was issued by this court.

On November 2, 1990, the City filed a verified petition under section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401) which requested that the trial court's dismissal of the cause be vacated. It also filed a motion to declare the settlement agreement null and void.

Relying upon the decision in *Ad-Ex*, the City asserted that by entering into the settlement agreement, it had improperly waived the restrictions as to sign size and height which were included in the sign regulation ordinance. The City alleged further that the terms of the settlement agreement constituted a variance of the zoning ordinance without compliance with the notice and hearing requirements in the city code. In support of this claim, the City cited section 4—5—43 of the Des Plaines City Code, which provided that a variation may only be granted by the City's Zoning Board of Appeals after a public hearing conducted in the manner specified by article 12 of the zoning ordinance. Article 12 of the zoning ordinance mandated that notice of the hearing must be published not more than 30 nor less than 15 days before the hearing.

The City's petition and motion alleged that because it had not followed the mandatory notice and hearing requirements before settling the case, the settlement agreement was void and unenforceable. The petition and motion also asserted that the City had a meritorious defense to Universal's claims and, in support thereof, cited the decision in *Scadron v. Des Plaines* (N.D. Ill. 1990), 734 F. Supp. 1437, which held that the sign regulation ordinances of home rule municipalities were not preempted by the HACA. The City also cited *Universal Outdoor, Inc. v. Village of Elk Grove* (1990), 194 Ill. App. 3d 303, 550 N.E.2d 1254, which held that the sign regulation ordinance of Elk Grove was not preempted by the HACA and that Universal had not pleaded sufficient facts to support its claim that the sign regulation ordinance was arbitrary, capricious, and unconstitutional on its face.

The plaintiff filed a motion seeking dismissal of the City's section 2—1401 petition and of the motion to nullify the settlement agreement. The memorandum filed in support of plaintiff's motion to dis-

miss asserted that the City's petition and motion failed to meet the requirements necessary to state a claim for relief from a final judgment.

On July 23, 1991, the trial court granted Universal's motion to dismiss and denied the City any relief from the settlement agreement previously approved by the court. In dismissing the City's section 2—1401 petition and the motion to nullify the settlement agreement, the trial court noted that a section 2—1401 petition must affirmatively allege due diligence and the existence of a meritorious claim or defense. The court found that the City had failed to comply with these requirements. The trial court noted further that the decision in *Ad-Ex* was not controlling because the facts of the instant case were distinguishable from those presented in *Ad-Ex*.

We initially consider whether the trial court properly dismissed the City's section 2—1401 petition on the ground that it was insufficient to state a claim for relief from a final judgment. The City asserts that the trial judge abused his discretion in dismissing the City's section 2—1401 petition for failure to demonstrate due diligence or a meritorious defense.

As a general rule, a court loses the power to review its judgments after the passage of 30 days. (*Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 505, 165 N.E.2d 294.) Consequently, a request to vacate a prior judgment after 30 days has elapsed is properly before the trial court only when presented by petition in accordance with section 2—1401. *Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 220, 499 N.E.2d 1381; *Pape v. Department of Revenue* (1968), 40 Ill. 2d 442, 449-50, 240 N.E.2d 621.

The purpose of a petition under section 2—1401 is to bring before the court matters of fact not appearing in the record, which if known to the court at the time the judgment was entered, would have prevented its rendition. (*Brockmeyer*, 18 Ill. 2d at 505; *Glenn v. People* (1956), 9 Ill. 2d 335, 340, 137 N.E.2d 336.) Although the petition must be filed in the original proceeding, it is not a continuation thereof, but is the commencement of a new cause of action. (*Ostendorf v. International Harvester Co.* (1982), 89 Ill. 2d 273, 279, 433 N.E.2d 253.) Thus, where the petition fails to state facts sufficient to warrant relief, it is subject to a motion to dismiss. *Ostendorf*, 89 Ill. 2d at 279-80; *Brockmeyer*, 18 Ill. 2d at 505; *Glenn*, 9 Ill. 2d at 340; *People v. Jayne* (1977), 52 Ill. App. 3d 990, 1015, 368 N.E.2d 422.

■■ A section 2—1401 petition is not intended to provide for review of an order from which a party could have taken a timely appeal, and such a petition is not to be invoked as a substitute for a party's

right to appeal. (*Lilly v. County of Cook* (1978), 60 Ill. App. 3d 573, 577, 377 N.E.2d 136.) Thus, a petition under section 2—1401 is not appropriate for review of errors of law. *In re Charles S.* (1980), 83 Ill. App. 3d 515, 517, 404 N.E.2d 435.

To warrant relief under section 2—1401, it is incumbent upon the petitioner to show the existence of a meritorious defense to the judgment and the exercise of due diligence in presenting the defense, both in the underlying action and in the section 2—1401 proceeding. *Kaput v. Hoey* (1988), 124 Ill. 2d 370, 378, 530 N.E.2d 230; *Smith*, 114 Ill. 2d at 220-21.

Section 2—1401 does not afford a remedy to relieve a litigant of the consequences of his own mistakes or his counsel's negligence. (*Cooper v. United Development Co.* (1984), 122 Ill. App. 3d 850, 856, 462 N.E.2d 629; *American Consulting Association, Inc. v. Spencer* (1981), 100 Ill. App. 3d 917, 922, 427 N.E.2d 579.) Similarly, a section 2—1401 petition does not serve as a remedy for a belated change of mind. *In re Marriage of Emerson* (1983), 115 Ill. App. 3d 712, 717, 450 N.E.2d 987.

In order to demonstrate due diligence, a party must show that the failure to defend was the result of an excusable mistake and that he acted reasonably, and not negligently, when he failed to initially resist the judgment. *Beno v. DeBoer Asphalt Paving Co.* (1983), 114 Ill. App. 3d 871, 874, 449 N.E.2d 1021; *Steinberg's Department Store, Inc. v. Baysingar* (1980), 86 Ill. App. 3d 1140, 1142, 409 N.E.2d 8.

In the case at bar, the trial court specifically found that the City had failed to exercise due diligence in presenting its claim that the settlement was void and unenforceable. In reaching this conclusion, the trial judge noted that the *Ad-Ex* decision had been premised upon the reasoning employed by the court in *Martin v. City of Greenville* (1977), 54 Ill. App. 3d 42, 369 N.E.2d 543. The court determined that the City need not have waited more than 15 months after the cause had been dismissed by agreement of the parties before it brought its section 2—1401 petition. The court noted further that Universal had incurred substantial expense in constructing nine signs in accordance with the permits issued by the City without objection. The trial judge stated that the fact that the City came upon the *Ad-Ex* decision 15 months after the case had been dismissed did not excuse the City from raising its challenge sooner.

We agree that the City has offered no valid or persuasive explanation for its failure to assert the "hearing and notice" defense earlier and that the City has failed to demonstrate that this argument

could not reasonably have been disclosed at or prior to the time the judgment was entered.

The City voluntarily entered into the settlement agreement and joined in the request that the court approve the settlement and dismiss the cause. The City's section 2—1401 petition did not assert any matters of fact which were not known to the court at the time the dismissal order was entered but which, if they had been known, would have precluded the dismissal. (See *Brockmeyer*, 18 Ill. 2d at 505; *Glenn*, 9 Ill. 2d at 340.) Rather, the City asserted that the settlement agreement and dismissal order had been entered based upon an error of law. This is not a proper ground for filing such a petition. (See *In re Charles S.*, 83 Ill. App. 3d at 517.) The primary ground for the filing of the petition was the recently issued decision in the *Ad-Ex* case. Yet, as acknowledged by the City in its opening brief, the *Ad-Ex* decision did not create new law, but merely interpreted the existing law as it had been expressed in *Martin*. Because the basis for the City's claim that the settlement was void and unenforceable was articulated in the *Martin* decision in 1977, the City's claim could have been raised at any time.

In addition, the trial court found that the City had failed to demonstrate due diligence in presenting its section 2—1401 petition. The petition was brought over 15 months after entry of the dismissal order. During those 15 months, the City issued the required permits, and Universal, acting in reliance on those permits, incurred substantial expense to construct 9 of the 12 signs.

The City has asserted that it brought its petition as soon as practicable after realizing that it had a basis for doing so. This assertion is, however, contrary to the principle that a section 2—1401 petition does not excuse a party for its own negligence. (See *Cooper*, 122 Ill. App. 3d at 856; *American Consulting Association*, 100 Ill. App. 3d at 922.) Moreover, this argument does not comport with the rule that a section 2—1401 petition is designed to advise the court of newly discovered facts, rather than issues of law that are more properly raised on appeal. See *In re Charles S.*, 83 Ill. App. 3d at 517.

Based upon the record before us, we hold that the City failed to establish that it had exercised due diligence in presenting its "notice and hearing" defense or in bringing its petition under section 2—1401.

■ To be entitled to relief under section 2—1401, the petitioner must also affirmatively set forth specific factual allegations establishing the existence of a meritorious defense or claim. *Smith*, 114 Ill. 2d at 220-21.

In the case at bar, the City asserted in its section 2—1401 petition that it had a meritorious defense to Universal's claims and, in support thereof, cited the decision in *Scadron v. Des Plaines* (N.D. Ill. 1990), 734 F. Supp. 1437, which held that the sign-regulation ordinances of home rule municipalities were not preempted by the HACA. The City also cited *Universal Outdoor, Inc. v. Village of Elk Grove* (1990), 194 Ill. App. 3d 303, 550 N.E.2d 1254, which held that the sign regulation ordinance of Elk Grove was not preempted by the HACA and that the plaintiff had not pleaded sufficient facts to support its claim that the ordinance was arbitrary, capricious, and unconstitutional on its face.

Although these two cases do provide authority for the City's assertion that it had a meritorious defense to the claim of preemption by the HACA, they do not address the remaining claims raised by Universal. In addition to asserting that the City's sign regulation ordinance was preempted by the HACA, Universal asserted in its complaint that the ordinance deprived Universal of its constitutional rights to free speech, equal protection, and due process.

The *Scadron* and *Elk Grove* decisions did not address the constitutional claims raised by Universal. Consequently, the City has not affirmatively set forth specific factual allegations establishing the existence of a meritorious defense. See *Smith*, 114 Ill. 2d at 220-21.

We next consider whether the trial court properly dismissed the City's motion to declare the settlement agreement null and void.

■ As noted above, once a final judgment has been entered and 30 days have elapsed, a trial court lacks jurisdiction to reconsider that judgment except through a section 2—1401 petition. (*Smith*, 114 Ill. 2d at 220; *Malone v. Cosentino* (1983), 99 Ill. 2d 29, 32-33, 457 N.E.2d 395; *Pape*, 40 Ill. 2d at 449-50; *Brockmeyer*, 18 Ill. 2d at 505; *Johnson v. Steiner* (1988), 179 Ill. App. 3d 556, 559-60, 534 N.E.2d 391.) Thus, the trial judge had no jurisdiction to reconsider the dismissal and approval of the settlement agreement, and the City's motion to nullify the settlement agreement was inadequate to confer such jurisdiction upon the court. The trial court's retention of jurisdiction to enforce the settlement agreement cannot be construed as a retention of jurisdiction to reverse its ruling or to "non-enforce" the agreement. See *Waggoner v. Waggoner* (1979), 78 Ill. 2d 50, 53-54, 398 N.E.2d 5; *In re Marriage of Milliken* (1990), 199 Ill. App. 3d 813, 817-18, 557 N.E.2d 591.

Moreover, the conduct of the parties in the case at bar did not operate to revest jurisdiction in the trial court through active participation, without objection, in further proceedings which were inconsis-

tent with the prior dismissal order. (See *People v. Kaeding* (1983), 98 Ill. 2d 237, 241, 456 N.E.2d 11; *Ad-Ex*, 207 Ill. App. 3d at 178; *Wilkins v. Dellenback* (1986), 149 Ill. App. 3d 549, 554-55, 500 N.E.2d 692.) Consequently, the post-judgment motion to declare the settlement null and void was properly dismissed.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

EGAN,* P.J. and RAKOWSKI, J., concur.

---

*Justice Rosemary La Porta participated in oral argument prior to her death. Presiding Justice Edward J. Egan was substituted on the panel and has listened to the oral argument tape and has read the briefs.